**Not For Citation**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANHO CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CIMO TECHNOLOGIES, INC., a New Jersey Corporation, and DOES 1-21, individuals<br><br>Defendants.<br>_____/ | No. CV 11-2473 PJH (NJV)<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND MOTION TO STRIKE;**<br><br>**REPORT AND RECOMMENDATION RE: DEFENDANT'S MOTION TO VACATE ENTRY OF DEFAULT.**<br><br>(Doc. Nos. 19, 26, 47) |

Plaintiff Sanho Corporation's ("Sanho") motion for default judgment was referred to this Court for a report and recommendation. Doc. Nos. 19 & 20. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). In connection with that motion for default judgment, Sanho moved to strike the opposition filed by defendant Cimo Technologies, Inc. ("Cimo"). Doc. No. 26. Cimo subsequently moved to vacate entry of default, and the district court also referred Cimo's motion to the undersigned. Doc. No. 48 (referring motion to vacate default and denying as premature Cimo's motion to dismiss). The Court heard oral argument on the motions on January 31, 2012.

For the reasons stated below, the Court recommends that Sanho's motion to strike be denied, that Cimo's motion to vacate entry of default be granted, and that Sanho's motion for default judgment be denied as moot.

//
//
//

# BACKGROUND

## I. Factual Background

Sanho manufactures and distributes accessories for Apple products, including form-fitting covers designed for the iPad 2 (a tablet computer). Doc. No. 7 (First Amended Complaint ("FAC")) ¶¶ 13-14. Sanho creates and uses professionally-created photographs to advertise its iPad covers. *Id.*, ¶ 17. Sanho owns the copyright for these photographs. *Id.*, ¶¶ 18-19, 37. The FAC does not allege that Sanho preregistered its copyrights, registered them, or applied to register them. Cimo imports iPad covers from China and sells them through its own website, cimousa.com, as well as through third party websites such as eBay.com and Amazon.com. Doc. No. 23-1 (Declaration of Yavuz Bayram ("Bayram Decl.")), ¶¶ 3-5. Cimo admits it inadvertently used some of Sanho's photographs to advertise Cimo's iPad covers between May 7, 2011 and May 23, 2011. *Id.*, ¶¶ 3-10. Upon discovering Cimo's unauthorized use of its photographs, Sanho filed an unfair competition lawsuit, and Cimo removed the photographs from its product listings. *Id.*, ¶ 9; *see also* Doc. No. 1. On June 14, 2011, Sanho filed the FAC, including new claims for copyright infringement. Doc. No. 7. On July 21, 2011, Sanho applied for copyrights for the photographs that are the subject of this dispute. *See* Doc. No. 27-1 (Reply Declaration of Diane Barker ("Barker Reply Decl.")), Ex. A (copyright applications dated July 21, 2011) & Ex. B (FedEx delivery receipt showing applications were sent on July 21, 2011). During the January 31, 2012 hearing, counsel for Sanho argued that Sanho had applied for the copyrights before filing the FAC. There is no evidence in the record that supports this contention; on the contrary, the argument is contradicted by the documents that Sanho itself filed in this Court.

## II. Procedural History

Sanho personally served the original complaint and the FAC on Yavuz Bayram, the President of Cimo and its agent for service of process. Doc. No. 19-3 (Declaration of Diane Barker ("Barker Decl.")), ¶¶ 3-6. The FAC was served on June 15, 2011. *Id.*, ¶ 6. Cimo did not respond to either the original complaint or the FAC. On July 25, 2011, days after Sanho filed a motion for entry of default, counsel for Cimo spoke with counsel for Sanho. *Id.*, ¶ 9. Sanho agreed not to oppose a motion to lift entry of default if Cimo filed one within ten days. *Id.* The clerk entered default against

Cimo on July 28, 2011. Doc. No. 16. Cimo did not move to lift entry of default within ten days.

Sanho filed a motion for default judgment on October 21, 2011. Doc. No. 19. On October 25, 2011, counsel for Cimo again contacted counsel for Sanho and requested Sanho withdraw its motion so that Cimo could respond to the Complaint. Doc. No. 21-3 (Declaration of John Van Loben Sels), ¶ 2. Counsel for Sanho declined. *Id.* On November 8, 2011, Cimo responded to the motion for default judgment by filing a document entitled "Memorandum of Law in Opposition to Plaintiff's Motion for Default Judgment and In Support of Defendant's Motion to Vacate Entry of Default and Dismiss the Amended Complaint." Doc. No. 23. In its opposition, Cimo contends that Sanho's copyright claims fail because Sanho has not registered its copyrights, that Sanho's state law claims are preempted by the Copyright Act, and that the Court has no personal jurisdiction over Cimo. Doc. No. 23. Sanho filed a reply in support of its motion for default judgment and moved to strike Cimo's untimely opposition and/or its improperly-noticed motions. Doc. Nos. 25 & 26. By operation of Civil Local Rule 7-3(a), Cimo's opposition to the motion for default judgment was due on November 4, 2011, but that deadline was extended by an additional three days because Cimo was served by Federal Express and not by ECF. *See* Fed. R. Civ. P. 6(d); Civ. L. R. 5-5(a)(2). Although Cimo's opposition was filed one day late, the Court exercised its discretion to consider it when making this Report and Recommendation. Doc. No. 45 at 2-3. The Court denied without prejudice Cimo's improperly-noticed motions to vacate entry of default and to dismiss. *Id.* at 3.

When Cimo re-filed its motions to vacate entry of default and to dismiss, the district court denied the motion to dismiss as premature and referred the motion to vacate entry of default to this Court. Doc. No. 48. As it did in its opposition to Sanho's motion for default judgment, Cimo argues that the court does not have personal jurisdiction over the New Jersey corporation, that Sanho's copyright claims fail, and that Sanho's other claims are preempted by the Copyright Act. *See* Doc. No. 47. According to the ECF notice of filing, Cimo filed its reply in support of its motion 75 minutes after the deadline for doing so had passed, at 1:14 a.m. Sanho objects to the reply on this basis. Doc. No. 52. The Court will consider Cimo's reply in making this Report and Recommendation.

**DISCUSSION**

**I.     The Court Recommends Denying Sanho's Motion To Strike (Doc. No. 26)**

Sanho asked the Court to strike Cimo's opposition, and its motions to vacate default and motion to dismiss under Federal Rule of Procedure 12(f). The Court recommends that Sanho's motion to strike Cimo's opposition be denied because Rule 12(f) applies only to pleadings; it cannot be used to strike improper motions or declarations. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of the rule, only pleadings are subject to motions to strike"). This Court already denied Cimo's two motions without prejudice because they were improperly-noticed, and therefore Sanho's motion to strike Cimo's motions is moot.

**II.    The Court Recommends Granting Cimo's Motion To Set Aside Entry Of Default (Doc. No. 47)**

Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for "good cause." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("*Mesle*"); *see also TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001). To determine whether "good cause" exists, a court considers three factors: (1) whether reopening the default would prejudice the plaintiff; (2) whether the defendant's culpable conduct led to the default; and (3) whether the defendant had a meritorious defense. *Mesle*, 615 F.3d at 1091. While these factors are "disjunctive" and a court may deny relief if any of the three factors applies, the court's decision is discretionary. *Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111-12 (9th Cir. 2011) (factors for establishing "excusable neglect" under Rule 60(b)(1) are same as factors for establishing "good cause" under Rule 55(b), and analysis "is at bottom an equitable one taking account of all relevant circumstances surrounding the party's omission"). For example, if reopening a default would not prejudice a plaintiff and the defendant had a meritorious defense, a court would not abuse its discretion by vacating the default even if it found the defendant's conduct was culpable. *Id.* at 1112 ("None of the cases cited . . . suggest that a district court is limited in its discretion to set aside a default judgment under Rule 60(b)(1) where the defendant has a meritorious defense and any prejudice can be cured"). The Ninth Circuit has an "oft stated commitment to deciding cases on the merits whenever possible." *Mesle*, 615 F.3d at 1091; *see also*

*Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("[D]efault judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible"). Absent "'extreme circumstances,'" judgment by default is inappropriate. *Mesle*, 615 F.3d at 1091-92 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)) (district court's failure to examine "extreme circumstances" requirement for judgment by default "fundamentally altered the standard" and was reversible error). Doubts as to the propriety of a default judgment should be resolved against the party seeking default. *See Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). The party seeking to set the default aside bears the burden of establishing good cause exists to vacate the default. *TCI*, 244 F.3d at 696.

Sanho does not argue that it would be prejudiced by a reopening of the default[1], but it contends that the default should not be vacated because Cimo's conduct was culpable and it lacks any meritorious defenses. *See* Doc. No. 49. The Court addresses each of these contentions in turn.

**A.     Although Cimo Consciously Chose Not To Answer The Complaint, Its Failure To Answer Was Not "Culpable."**

A movant is not "culpable" simply because it intentionally decided not to answer a complaint. *See TCI*, 244 F.3d at 697. Culpability involves not simply nonappearance following receipt of notice of the action, but rather requires conduct that is more like bad faith, such as with "an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1092. Failure to respond based on the belief that a court lacks subject matter jurisdiction does not constitute "culpable conduct." *TCI*, 244 F.3d at 697 (citing *Gregorian v. Izvestia*, 871 F.2d 1515 (9th Cir. 1989)). Similarly, failure to respond based on the belief that a court lacks personal jurisdiction should not constitute culpable conduct, as it is well-recognized that a party may risk a default judgment and then attack that judgment on jurisdictional grounds. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982); *see also Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 685 (3d Cir. 1982) (no bad faith

---

[1] The Court independently concludes there is no apparent prejudice to Sanho, as there is no suggestion that the delay has resulted in "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *TCI*, 244 F.3d at 701 (no "prejudice" where only harm is delaying resolution of case).

where party asserting lack of personal jurisdiction chose to provide information by letter rather than answering in a manner that might subject it to personal jurisdiction); *Quach v. Cross*, 2004 U.S. Dist. LEXIS 28983, \*\*20-24 (C.D. Cal. Dec. 3, 2004) (no culpable conduct where defendant did not respond to complaint because he believed service was improper and had failed to confer personal jurisdiction). Bayram's declaration describes the lack of contacts Cimo had with California, supporting Cimo's explanation that it failed to respond to the complaint and the FAC because it believed the Court lacked personal jurisdiction.[2] Cimo also argues that it failed to respond because the FAC was legally deficient in that it asserted copyright claims without the requisite allegation of application for registration or actual registration of the copyrights by Sanho. Cimo expected Sanho would not forge ahead with a facially deficient complaint but would instead file an amended pleading. This constitutes a "credible, good faith explanation" that negates an intention to take advantage of Sanho, interfere with judicial decisionmaking, or otherwise manipulate the legal process. *TCI*, 244 F.3d at 697.

Sanho argues several facts establish that Cimo behaved culpably. First, it contends Cimo's conduct is culpable because Cimo admitted its reluctance to hire local California counsel was "financially motivated." Doc. No. 49 at 4. The Court disagrees that this suggests culpable conduct: a good faith belief that it was not subject to personal jurisdiction could make Cimo reluctant to spend any money to hire local counsel. Even if Cimo were mistaken as to the existence of personal jurisdiction, its reluctance to hire local counsel would not, without more, evidence bad faith or gamesmanship. Sanho also argues that the fact that Cimo's counsel "several times . . . requested that the default be lifted so that Cimo could answer" is "inconsistent" with Cimo's personal jurisdiction defense. *Id.* at 4. At the hearing, Sanho again argued that Cimo's requests to lift the default constituted conduct that was more culpable than a simple failure not to respond. Again, the Court disagrees: Cimo's realization that it *might* be subject to personal jurisdiction may have spurred it to action at this stage. While Cimo's initial failure to respond resulted in delay and may have been motivated by a reluctance to incur costs, its subsequent conduct has evidenced an intention to defend

---

[2] Cimo is a New Jersey corporation that does not conduct business in California. Bayram Decl., ¶¶ 2, 12-17.

the action, not an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.

### B. Cimo Has Alleged Specific Facts That, If True, Would Constitute Meritorious Defenses.

Cimo must present specific facts that would, if true, constitute a defense. *See TCI*, 244 F.3d at 700. Cimo does not need to establish that it will prevail on the defense, only that the defense is legally cognizable and would constitute a complete defense to the action if proved at trial. *See Integrated Sports Media, Inc. v. Mendez*, 2011 U.S. Dist. LEXIS 60450, *5 n.1 (N.D. Cal. May 11, 2011) (EMC). The Court need not determine whether the facts are true at this time, as that question "would be the subject of the later litigation." *TCI*, 244 F.3d at 700. The burden to demonstrate the existence of meritorious defenses "is not extraordinarily heavy." *Id.*; *see also Mesle*, 615 F.3d at 1094 (describing burden as "minimal"). Cimo sets forth three potential defenses.

First, Cimo argues the district court lacks personal jurisdiction. Cimo's President has provided a declaration stating that his company has no contacts with California and in its moving papers, Cimo argues that its Internet presence falls short of that required to establish personal jurisdiction over an out-of-state defendant. *See* Bayram Decl., ¶¶ 9-13. Sanho makes the personal jurisdiction allegations in the FAC on information and belief (FAC, ¶¶ 10-11) and alleges that Cimo "knew or should have known that Plaintiff's principle place of business" was in California and that its infringement "was likely to cause harm in California" (FAC, ¶ 20). Sanho argues that Cimo purposely directed its conduct towards California by intentionally copying Sanho's photographs; targeted its infringement at Sanho, "which Cimo knew to be a resident of the forum;" "had every reason to believe prospective customers in California would see the website;" and "knew" its conduct was "likely to be suffered in the forum." Doc. No. 49 at 8-9. Sanho argues these facts are sufficient to establish personal jurisdiction. While Bayram's declaration establishes that Cimo does not have extensive contacts with California, it admits that a Cimo employee inadvertently performed the intentional act of copying Sanho's photographs and posting them on Cimo's website and other websites. Bayram does not refute Cimo's argument that he knew that Sanho was located in California. Nor does Bayram offer facts suggesting that he could not foresee that the harm of Cimo's intentional acts would have an effect in California. However, Cimo could offer additional evidence

to show that the Court lacks personal jurisdiction. Cimo has offered a legally cognizable defense that, if true, would defeat Sanho's claims.[3]

Second, Cimo argues that Sanho's failure to plead that it has registered its copyrights requires dismissal of its copyright claims. Doc. No. 23 at 3-4 (citing cases). "No civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made." 17 U.S.C. § 411(a). The FAC alleges that Sanho owns the copyrights for the photographs, but it does not allege preregistration or registration. *See* FAC, ¶¶ 1-19, 36-47. Sanho does not address Cimo's pleading argument[4], which is in fact dispositive: "Without an allegation of preregistration or registration . . . the complaint fails to state a claim for copyright infringement." *J&J Sports Productions, Inc. v. Dailey*, 2011 U.S. Dist. LEXIS 85980, **4-5 (N.D. Cal. Aug. 4, 2011) (SI) (denying motion for default judgment and dismissing "facially insufficient Copyright Act claim") (citing *Cosmetic Ideas, Inc. v. IAC/Interactive Corp.*, 606 F.3d 612, 621-22 (9th Cir. 2010)). The FAC does not allege either preregistration or registration and therefore does not state a cognizable Copyright Act claim.

Finally, Cimo argues that Sanho's state law claims are preempted by the Copyright Act. For the Copyright Act to preempt state law, (1) the content of the protected right must fall within the subject matter of copyright as described in 17 U.S.C. sections 102 and 103, and (2) "the right asserted under state law must be equivalent to the exclusive rights contained in section 106 of the Copyright

---

[3] It is Sahno's burden to establish that personal jurisdiction exists. *See Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2 1247, 1256 (9th Cir. 1980) (plaintiff opposing motion to set aside default judgment bears burden of establishing personal jurisdiction existed as to defendant). If this were Cimo's only potential defense, the Court would allow Sanho to prove personal jurisdiction exists before making its recommendation, but this is unnecessary, as the Court concludes that Cimo has met its "minimal" burden of establishing the existence of two other defenses.

[4] Sanho contends that its copyright infringement claims are proper because application for registration for a U.S. Copyright is sufficient to sue for copyright infringement, and that it amended its complaint to include statutory copyright violations only after it had applied to the Copyright Office. Doc. No. 49 at 5. As discussed *supra*, at 2, the applications that Sanho attaches to its opposition establish that Sanho applied for copyrights on July 21, 2011 -- more than a month after it filed the FAC. *See* Barker Reply Decl., Exs. A & B.

8

Act." *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1150 (9th Cir. 2008) (internal citations omitted). In order to avoid a preemption defense, the plaintiff must assert a claim that is "qualitatively different" than the copyright claim and has an "'extra element' which changes the nature of the action." *Del Madera Props. v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987). All of Sanho's claims are based on Cimo's use of the copyrighted photographs. If Sanho's state law claims for unfair competition law and false advertising claims involve the same rights protected by the Copyright Act and do not add an "extra element," Cimo may establish that Sanho's claims are preempted. *See, e.g., Sleep Science Partners v. Lieberman*, 2010 U.S. Dist. LEXIS 45385, **25-29 (N.D. Cal. May 10, 2010) (CW) (dismissing with leave to amend UCL claim to allow plaintiff to plead "extra element" that would show claim was not preempted by Copyright Act but denying motion to dismiss common law unfair competition claims because "passing off" claim asserted rights separate from those provided by Copyright Act). Sanho only cursorily responds to Cimo's preemption argument and does not show how its claims have the "extra element" that would avoid preemption. *See* Doc. No. 49 at 6. Although Cimo does not establish that Sanho's claims are preempted, it need not do so to establish a potentially meritorious defense for purposes of analyzing whether the default should be vacated. *See Mesle*, 615 F.3d at 1094.

Based on the foregoing, the Court finds that all three *Mesle* factors weigh in favor of finding that "good cause" exists for vacating entry of default. In addition, the Court finds no "extreme circumstances" warranting default judgment here. *Mesle*, 615 F.3d at 1091-92. The Court accordingly recommends vacating the entry of default against Cimo pursuant to Rule 55(c).

**III.   The Court Recommends Denying As Moot Sanho's Motion For Default Judgment (Doc. No. 19)**

In light of the foregoing analysis and the Court's recommendation that entry of default be set aside, the Court recommends that Sanho's motion for default judgment be denied as moot.

## CONCLUSION

It is recommended that the Court GRANT Cimo's motion to vacate entry of default (Doc. No. 47), DENY Sanho's motion to strike the opposition (Doc. No. 26), and DENY Sanho's motion for default judgment as moot (Doc. No. 19).

Any party may file objections to this report and recommendation with the district judge within

fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) & (C); Fed. R. Civ. Proc. 72(b); Civil L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: February 6, 2012

_____
NANDOR J. VADAS
United States Magistrate Judge