UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SANHO CORPORATION,

    Plaintiff,

v.

CIMO TECHNOLOGIES, INC.,

    Defendant.
_____/

No. C 11-02473 PJH

**ORDER**

    Plaintiff Sanho Corporation ("Sanho") filed this action against defendant CIMO Technologies, Inc. ("CIMO") on May 20, 2011. On June 14, 2011, Sanho filed a first amended complaint ("FAC"). On July 22, 2011, Sanho filed a request for entry of default, and default was entered on July 28, 2011. On October 21, 2011, Sanho filed a motion for default judgment.

    At that point, CIMO, which had not previously made an appearance, filed a response to the motion for default judgment, a request that the default be vacated, and a motion to dismiss the FAC. The court referred the motion to vacate the default and the motion for default judgment to Magistrate Judge Nandor J. Vadas for a report and recommendation, and also denied the motion to dismiss the FAC as premature, without prejudice to refiling once the dispute regarding the default had been resolved. On March 12, 2012, after Magistrate Judge Vadas issued the report and recommendation, the court granted the motion to vacate the default, and denied the motion for default judgment as moot.

    On April 2, 2012, CIMO filed another motion to dismiss the FAC. Under the Civil Local Rules of this court, Sanho's opposition to the motion was due on April 16, 2012. However, on April 13, 2012, Sanho filed a second amended complaint ("SAC"). Sanho did

not file an opposition to the motion to dismiss the FAC.

Under Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a).  In all other cases, the party may amend its pleading only with the opposing party's written consent, or leave of court.  Id.

Because Sanho violated Rule 15(a) by failing to obtain either the agreement of CIMO or leave of court before filing the SAC, the court orders it STRICKEN from the docket.  The court also finds that the May 9, 2012 date for the hearing on CIMO's motion to dismiss the FAC must be VACATED.

No later than May 2, 2012, either Sanho will file an opposition to CIMO's motion to dismiss the FAC, and the parties will submit a stipulation as to the hearing date; or Sanho will file a statement of non-opposition to the motion to dismiss, and a motion for leave to file a SAC; or CIMO will withdraw its motion to dismiss, and the parties will stipulate to the filing of a SAC and a briefing schedule for CIMO's motion to dismiss the SAC.

Finally, the court cautions counsel for Sanho that they are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Civil Local Rules of this court, and to comply with all rules and orders of the court in the future.

**IT IS SO ORDERED.**

Dated:  April 17, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge