1

2

3       IN THE UNITED STATES DISTRICT COURT

4       FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6   SANHO CORPORATION,                    No. C 11-2473 PJH

7            Plaintiff,                    **ORDER GRANTING DEFENDANT'S**
                                           **MOTION TO DISMISS FOR LACK OF**
8        v.                                **PERSONAL JURISDICTION**

9   CIMO TECHNOLOGIES, INC.,

10           Defendants.
                                 _____/
11   _____

12          Defendant's motion to dismiss for lack of personal jurisdiction came on for hearing

13   on July 25, 2012, before this court.  Defendant Cimo Technologies, Inc. ("CIMO") appeared

14   by its counsel Mark Thomas, and plaintiff Sanho Corporation ("plaintiff") appeared by its

15   counsel Diane Barker.  Having carefully reviewed the papers and considered the parties'

16   arguments and the relevant legal authority, and good cause appearing, the court hereby

17   GRANTS the motion for the following reasons.

18                                   **BACKGROUND**

19          Plaintiff is a Delaware corporation with its principal place of business in Sunnyvale,

20   California.  Plaintiff manufactures and distributes computer accessories for Apple products,

21   including protective covers for the Apple iPad 2 ("iPad 2").  Plaintiff sells its HyperShield

22   iPad 2 covers through its website, HyperShop.com.  Plaintiff owns copyrighted photographs

23   ("images") of its HyperShield iPad 2 covers, which appear on plaintiff's HyperShop.com

24   website.  The website bears the mark "Copyright © 2011 Sanho

25   Corporation" in the lower right hand corner of every webpage.

26          CIMO is a small New Jersey corporation with its principal place of business located

27   in Paterson, New Jersey.  CIMO is in the business of selling technology-related accessory

28   items, including iPad 2 covers.  CIMO sells its technology-related accessory items on its

United States District Court
For the Northern District of California

website, cimousa.com, as well as through product listings on eBay and Amazon Marketplace websites ("web-based storefronts").

Plaintiff discovered a number of its copyrighted images on webpages operated by CIMO, including but not limited to, cimousa.com, Amazon.com, and eBay.com.  Plaintiff filed suit against CIMO for copyright infringement and CIMO immediately removed the images from the websites.  In a signed declaration, CIMO President, Yavus Bayram ("Mr. Bayram"), concedes that an employee of CIMO incorporated a number of product images taken from plaintiff's website in CIMO's product listings, but asserts that the copying was inadvertent.

Plaintiff claims that as a result of CIMO's unauthorized use of its images, sales dropped 40%, confusion was created in the market, and its reputation suffered damage.  CIMO claims its inadvertent use of the copyrighted images could not have had such an effect because the images were used for only approximately 16 days, and CIMO did not experience any corresponding increase in sales as a result of using the images.  CIMO claims it sold only a small quantity of iPad 2 covers during the time the images were used.

Plaintiff filed its original complaint on May 20, 2011, followed by a first amended complaint on June 14, 2011, and a second amended complaint ("SAC") on April 27, 2012. In its SAC, plaintiff asserts claims for copyright infringement and vicarious infringement (federal law); unfair competition and false designation of origin (federal and state law); false advertising (state law); and unfair competition, intentional interference with prospective economic advantage, accounting, and injunctive relief (California common law).  CIMO now moves to dismiss plaintiff's SAC for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), among other grounds.

**DISCUSSION**

A.    Legal Standard

In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is proper.  Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1223 (9th Cir. 2011) (citing Boschetto v. Hansing,

**United States District Court**
For the Northern District of California

539 F.3d 1011, 1015 (9th Cir. 2008)).  Where the "motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss."  Id. (citing Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1127 (9th Cir. 2010)).  "The plaintiff cannot 'simply rest on the bare allegations of the complaint,' but uncontroverted allegations in the complaint must be taken as true."  Id. (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted)).  While the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," factual disputes are to be resolved in the plaintiff's favor.  Id.  (citing Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1284 (9th Cir. 1977)).

In determining whether a court has personal jurisdiction over an out-of-state defendant, the court first applies the forum state's long-arm statute and then considers whether its application comports with federal due process requirements.  Id.; see also Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1484 (9th Cir. 1993).  California's long-arm statute is conterminous with federal requirements, thus the exercise of personal jurisdiction is restricted only by due process requirements.  Id.

For due process to be satisfied, a non-resident defendant must have  "minimum contacts" with the forum state, such that the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citations omitted).

Personal jurisdiction over a non-resident of the forum state can be either "general" or "specific."  Goodyear Dunlop Tires Operations, S.A. v. Brown, ___ U.S. ___, 131 S.Ct. 2846, 2851 (2011).  General jurisdiction requires that a defendant's contacts with a forum be so "continuous and systematic" the defendant can be deemed to be present in that forum for all purposes.  Id.  If general jurisdiction does not exist, a forum may exercise "specific" jurisdiction only if the case pertains to "issues deriving from, or connected with, the very controversy that established jurisdiction."  Id.

3

**United States District Court**
For the Northern District of California

1    Here, the parties agree that the court lacks general jurisdiction.  Therefore, the

2    question before the court is whether specific jurisdiction exists.

3        Specific jurisdiction is satisfied when:

4            (1) the defendant has performed some act or consummated some
             transaction within the forum or otherwise purposefully availed

5            himself of the privileges of conducting activities in the forum, (2) the
             claim arises out of or results from the defendant's forum-related

6            activities, and (3) the exercise of jurisdiction is reasonable.

7    Bancroft & Masters, Inc. v. Augusta Nat's Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citing

8    Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 416 (9th Cir. 1997)).  The plaintiff bears the

9    burden of satisfying the first two prongs, and upon doing so, "the burden then shifts to [the

10   defendant] to set forth a 'compelling case' that the exercise of jurisdiction would not be

11   reasonable."  Mavrix, 647 F.3d at 1228 (citing Burger King Corp. v. Rudzewicz, 471 U.S.

12   462, 476-78 (1985)).

13       The first prong, although commonly referred to as the "purposeful availment" prong,

14   refers to both purposeful availment and purposeful direction.  Id.  These are two distinct

15   concepts.  Pebble Beach, 453 F.3d at 1155 (citing Schwarzenegger, 374 F.3d at 802.)

16       "A purposeful availment analysis is most often used in suits sounding in contract.  A

17   purposeful direction analysis, on the other hand, is most often used in suits sounding in

18   tort."  Schwarzenegger, 374 F.3d at 802 (internal citation omitted).  Courts commonly

19   characterize copyright infringement as "a tort-like cause of action," and rely on the

20   purposeful direction framework to determine whether personal jurisdiction is proper in a

21   case where copyright infringement is alleged.  See Mavrix, 647 F.3d at 1228 (citing Yahoo!

22   Inc. v. La Ligue Contre Le Racisme, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc)).

23       Here, plaintiff has alleged copyright infringement as well as several state law tort

24   claims.  Therefore, purposeful direction is the appropriate framework to use when

25   determining whether personal jurisdiction is proper.

26       When determining whether a defendant purposefully directed acts at the forum

27   state, the Ninth Circuit employs the "effects test," which is based on the Supreme Court's

28   decision in Calder v. Jones, 465 U.S. 783 (1984).  Id.  To satisfy the test, "'the defendant

4

United States District Court
For the Northern District of California

1  allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum

2  state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'"

3  Id. (quoting Brayton Purcell, 606 F.3d at 1128) (citations omitted).

4  B.     Defendant's Motion

5        CIMO argues that plaintiff's claims do not arise out of or result from any

6  California-related activities.  Furthermore, CIMO contends that its Internet presence is not

7  enough to constitute "something more" than mere presence on the Internet, and thus does

8  not establish that CIMO's act was expressly aimed at California.

9        In opposition, plaintiff contends the "effects test" is satisfied, and jurisdiction is

10 proper.  Addressing each element of the test, plaintiff argues, first, that CIMO committed an

11 intentional act when it copied and posted plaintiff's copyrighted images on its websites.

12 Second, plaintiff contends CIMO's intentional act was expressly aimed at California.  In

13 support of this contention, plaintiff argues that CIMO knew or should have known that

14 plaintiff's principal place of business was in California and thus its conduct would result in

15 effects in California, including creating competition between the parties and confusion in the

16 market.  Additionally, plaintiff asserts that CIMO's commercial, interactive website was

17 accessible to Californians and thus was expressly aimed at the forum state.  Third, plaintiff

18 contends that CIMO caused foreseeable harm in California, including harm to plaintiff's

19 business reputation and goodwill, and decreased business and profits.

20       The court addresses the three elements of the "effects test" in turn.

21       1.     Intentional Act

22       "Intent" refers only "to an intent to perform an actual, physical act in the real world,

23 rather than an intent to accomplish a result or consequence of that act."  Brayton Purcell,

24 606 F.3d at 1128.  Here, the intentional act requirement is easily satisfied, as CIMO

25 performed the actual, physical act of posting the copyrighted images on its website and

26 web-based storefronts.

27       2.     Express Aiming

28       The Ninth Circuit has "struggled with the question whether tortious conduct on a

5

United States District Court
For the Northern District of California

1  nationally accessible website is expressly aimed at any, or all, of the forums in which the

2  website can be viewed." Mavrix, 647 F.3d at 1229.  The court has established that mere

3  presence on the Internet is not enough to constitute express aiming; however, the court

4  has also held that "operating even a passive website in conjunction with 'something more'

5  – conduct directly targeting the forum – is sufficient to confer personal jurisdiction." Brayton

6  Purcell, 666 F.3d at 1129 (citing Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1020

7  (9th Cir. 2002)).

8      In its opposition, plaintiff asserts that CIMO's conduct was expressly aimed at

9  California, for three reasons.  First, plaintiff argues that CIMO knew plaintiff was a resident

10  of California.  Second, plaintiff contends that CIMO had every reason to believe its actions

11  would put itself and plaintiff in direct competition and create confusion in the market.  Third,

12  plaintiff asserts that CIMO's presence on the Internet is interactive, highly commercial in

13  nature, and accessible in the forum state.  Plaintiff has presented its arguments generally,

14  and has provided minimal factual support and legal reasoning to substantiate its assertions.

15      First, plaintiff's claim that CIMO knew or should have known that plaintiff's principal

16  place of business was California is insufficient, on its own, to establish express aiming.

17  See Lang v. Morris, 823 F. Supp. 2d 966, 972 (N.D. Cal. 2011).  In Pebble Beach, the

18  Ninth Circuit held that despite the fact the defendant may have known that the plaintiff's

19  residence was in the forum state, and further, that it may have been reasonably

20  foreseeable that its conduct would result in effects in the forum state, this was not enough

21  to satisfy the express aiming element.  See Pebble Beach, 453 F.3d at 1157.  There must

22  be "something more" than a mere foreseeable effect to conclude that personal jurisdiction

23  is proper, especially considering due process requires actual "minimum contacts."  See id.

24  at 1158; see also Int'l Shoe, 316 U.S. at 316.

25      Second, plaintiff's argument that CIMO had every reason to believe its actions would

26  create competition between the parties and cause confusion in the market, again, merely

27  suggests foreseeable effects of CIMO's act.  This is not enough to establish personal

28  jurisdiction.  See Pebble Beach, 435 F.3d at 1158.  In its opposition papers, plaintiff cites

**United States District Court**
For the Northern District of California

1   only one authority, <u>Brayton Purcell</u>, to support its argument that CIMO's conduct was

2   expressly aimed at California.  However, <u>Brayton Purcell</u> is distinguishable.

3       In <u>Brayton Purcell</u>, plaintiff sued defendant for plagiarizing its website verbatim.  606

4   F.3d at 1157.  Both parties were law firms with legal practices in the area of elder abuse

5   law; moreover, both parties were residents of California.  <u>Id.</u> at 1126-27.  Plaintiff alleged

6   that the defendant "placed the two law firms in competition in the area of elder abuse law

7   and created confusion among potential clients as to the true authorship of the [plagiarized]

8   elder abuse materials."  <u>Id.</u> at 1130.  The court held that the defendant (1) knew of plaintiff's

9   existence, (2) targeted plaintiff's business, and (3) entered into direct competition with the

10  plaintiff.  <u>Id.</u>  Accordingly, the court found that the express aiming prong was satisfied.  The

11  court accorded substantial weight to the fact that both parties practiced a specialized area

12  of law within the same state and advertised directly to California customers.

13      Here, CIMO is not a resident of the same state as plaintiff.  Furthermore, plaintiff has

14  failed to make a prima facie showing that CIMO's website directly targeted California

15  customers.

16      This leads to plaintiff's third argument.  Plaintiff contends that because CIMO's

17  website was commercial, interactive, and accessible to Californians, CIMO directly targeted

18  California customers, and thus California itself.  As previously noted, the Ninth Circuit has

19  "struggled with the question whether tortious conduct on a nationally accessible website is

20  expressly aimed at any, or all, of the forums in which the website can be viewed."  <u>See</u>

21  <u>Mavrix</u>, 647 F.3d at 1229.

22      In <u>Mavrix</u>, a celebrity photo agency with its principal place of business in Miami,

23  brought a copyright infringement action in California against an Ohio corporation, alleging

24  that the defendant had posted plaintiff's copyrighted photos on its commercial, interactive

25  website.  647 F.3d at 1221-23.  On appeal, the Ninth Circuit held that the express aiming

26  element was satisfied.  Upon engaging in a comparative analysis under <u>Keeton v. Hustler</u>

27  <u>Magazine, Inc.</u>, 465 U.S. 770 (1984), the Ninth Circuit noted that the defendant had sought

28  and attracted nationwide audiences for commercial gain.  <u>Mavrix</u>, 647 F.3d at 1229-30.

The court further explained the defendant specifically exploited the California market, as it was "clear from the record that [the defendant] operated a very popular website with a specific focus on the California-centered celebrity and entertainment industries." Id. at 1230.[1]  Upon finding jurisdiction, the court "acknowledge[d] the burden that [its] conclusion may impose on some *popular* commercial websites." Mavrix, 647 F.3d at 1231 (emphasis added).

There are some similarities between Mavrix and the instant case.  In both cases defendants operated websites that were commercial and interactive.  Additionally, in both cases the websites were accessible within the forum state.  However, notwithstanding these few similarities, the present case is significantly distinguishable.  For example, in Mavrix, it was clear from the record that the defendant's very popular website specifically targeted the California market, and focused specifically on California's unique celebrity and entertainment industries.  Here, there is nothing in the record to suggest that CIMO's website was directly targeted at the California market, or that the selling of technology-related accessories, specifically iPad 2 covers, is a unique California industry.

In Mavrix, the court noted the impact its holding may have on popular commercial websites.  See 647 F.3d at 1231.  Here, however, there is nothing in the record to suggest that cimousa.com or CIMO's web-based storefronts are popular commercial websites.  In fact, plaintiff does not dispute Mr. Bayram's declaration that CIMO is a small New Jersey retail business.

Additionally, in Mavrix, the court explained that the defendant operated its website seeking and actually attracting nationwide audiences for commercial gain.  See Mavrix, 647 F.3d at 1230.  Here, plaintiff does not allege or prove that CIMO sought or attracted a national audience, much less a California audience.  Plaintiff does not allege or prove that California customers have ever purchased iPad 2 covers from CIMO.  Plaintiff merely

---

[1]   The popularity of the defendant's website in Mavrix cannot be understated. "Alexa.com, an Internet tracking service, ranked [the defendant's website] as number 3,622 out of approximately 180 million websites worldwide based on traffic.  By comparison, the national news website MSNBC.com . . . ranked number 2,521." Mavrix, 647 F.3d at 1222.

United States District Court
For the Northern District of California

states that "notably missing from Mr. Bayram's many averments in his declaration is a claim that CIMO has never sold iPad 2 covers in California." This is not enough to establish a prima facie case that CIMO does in fact have California customers.

Plaintiff has failed to allege facts demonstrating or making a prima facie showing that CIMO engaged in conduct directly targeting or expressly aimed at California. Therefore, the express aiming prong of the "effects test" is not satisfied.

3.      Foreseeable Harm

The final requirement is that CIMO's conduct must have caused harm that it knew was likely to be suffered in the forum. See Yahoo!, 433 F.3d at 1206. This element does not require that the "brunt" of the harm be suffered in the forum; rather, the element is satisfied when the defendant's intentional act has "foreseeable effects" in the forum. Id. at 1207; see also Bancroft, 223 F.3d at 1087. In this case, it is foreseeable that plaintiff would be harmed by infringement of its copyright, including harm to its business reputation and possible decreased profits. See Brayton Purcell, 606 F.3d 1124. Therefore, the foreseeable harm element is satisfied.

**CONCLUSION**

Plaintiff has failed to establish the express aiming element of the "effects test," and therefore, the first prong of the test for specific personal jurisdiction has not been meet. Thus, the court need not in proceed to the second and third prongs.

For the foregoing reasons, the court GRANTS CIMO's motion to dismiss for lack of personal jurisdiction. Consequently, the court does not reach defendant's motion to dismiss for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Dated: July 30, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge